**WILD GAME NG, LLC,**
**Plaintiff–Appellant,**

v.

**WONG'S INTERNATIONAL (USA)**
**CORPORATION, Defendant–**
**Appellee.**

No. 08–15616.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2009.*

Filed July 7, 2009.

Robert R. Hager, Esquire, Treva Hearne, Esquire, General, Hager & Hearne, Reno, NV, for Plaintiff–Appellant.

Kent R. Robison, Esquire, F. Dearmond Sharp, Esquire, Robison Belaustegui Sharp & Low, Reno, NV, for Defendant–Appellee.

Before: SCHROEDER, ROTH,** and TASHIMA, Circuit Judges.

MEMORANDUM ***

Wild Game appeals the district court's order granting attorneys' fees and costs in the amount of $119,084.91 as sanctions for litigation misconduct. Party-initiated sanctions under Rule 11 require strict compliance with the 21–day safe harbor provision of Rule 11. *See* Fed.R.Civ.P. 11(c)(2). Informal warnings threatening to seek Rule 11 sanctions are not enough, because they do not comply with the Rule's "strict requirement that a motion be *served* on the opposing party twenty-one days prior to filing." *Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 789 (9th Cir.2001) (emphasis in original) (citing *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998)). "It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." *Id.* In this case, the district court erred in granting Wong's motion for sanctions when the motion had not been served on Wild Game 21 days prior to filing. *See id.* Nor did the court issue an order to show cause as required by Rule 11(c)(3) prior to entering sanctions on the court's own initiative.

REVERSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.